OPINION
Defendant-appellant, Yeye Jones, appeals from a judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of possession of crack cocaine pursuant to a jury trial.
Appellant was indicted by the Franklin County Grand Jury on May 20, 1998, for possession of 11.9 grams of crack cocaine in violation of R.C.2925.11, a felony of the second degree. Appellant's case proceeded to trial on June 28, 1999. On June 30, 1999, a jury convicted appellant of possession of crack cocaine. The trial court imposed a mandatory prison term of two years under R.C. 2925.11(C)(4)(d), and suspended appellant's driver's license for a period of one year. Appellant filed a timely notice of appeal.
On appeal, appellant raises one assignment of error:
 APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
The Columbus Police Department obtained a warrant to raid a suspected crack house located at 112 South Ohio Avenue in Columbus, Franklin County, Ohio. The police executed this warrant at 8:02 p.m. on March 19, 1998. Detectives Garrison and Perkins were assigned to contain the rear of the house during the raid. As the police entered the front of the house, Garrison observed the rear door of the house open and saw a suspect wearing a red shirt and a black leather jacket exiting the house. Garrison noticed that the individual had something black in his hand. Garrison yelled for the individual to drop the object and to get down on the ground. The suspect threw what was in his hand into the yard, spun around and went back into the house. Once the police inside the house announced that it was secure, Garrison investigated what had been thrown into the yard. He discovered a black headband and a baggie containing a substance later identified as crack cocaine in the yard. Garrison photographed the black headband and the baggie and collected them as evidence. He then entered the house where he identified appellant, based on his clothing, as the person who threw the object in the yard.
Perkins also observed the back door open as the raid began. She saw an individual dressed in a dark-colored top and pants exit the house and make a gesture like he was throwing something out. When Garrison yelled at the individual, he turned around and went back in the house according to Perkins.
In appellant's single assignment of error, he argues that his conviction is against the manifest weight of the evidence. Although appellant phrases this assigned error in terms of "manifest weight," he incorporates into the body of his argument the related concept of sufficiency of the evidence.
Preliminarily, we set forth the similar, yet distinct, standards by which we are bound in reviewing the assignment of error, which challenges both the sufficiency of the evidence and the manifest weight of the evidence.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v.Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. InThompkins, the court explained at length the distinctions between the two standards:
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida
(1982), 457 U.S. 31, 45, * * * citing Jackson v. Virginia (1979), 443 U.S. 307 * * *. [Id. at 386.]
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In Jenks, the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:
 * * * The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. [Id.]
In contrast, as explained in Thompkins, a manifest weight analysis is slightly different:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 * * *. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's, supra,
at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin
(1983), 20 Ohio App.3d 172, 175 * * * ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."). [Thompkins, at 387.]
Pursuant to the foregoing standards, we examine the record in a light most favorable to the prosecution to determine if the prosecution sufficiently proved beyond a reasonable doubt each element of the offense charged, and/or whether the jury "lost its way" in convicting appellant such that a manifest miscarriage of justice occurred.
Appellant argues that the detectives could not properly identify him as the person who threw an object into the yard and that neither detective saw anyone throw a baggie into the yard. Appellant denies ever exiting the house through the back door or throwing any objects into the back yard. The state filed what purports to be a brief in this case, but it is so short that it is of no value to the court in explaining the state's argument against reversal.
A review of Garrison's testimony indicates that he was able to identify appellant based upon appellant's clothing. Garrison testified that the individual who exited the house via the back door was wearing a red shirt and a black leather jacket. Although it was dark outside and there was no light at the back door, Garrison was only ten to fifteen yards from the individual and had his flashlight pointed so that he could see the individual clearly. Moreover, the evidence indicates that the events transpired too quickly for anyone in the house to have time to change clothes. The police secured the house and cuffed the individuals in the house within a matter of seconds. Moreover, appellant identified himself in the photograph and confirmed that he was wearing a red shirt and black leather jacket in his testimony. Thus, the jury could have concluded that appellant was the individual who exited the house and threw the object in the back yard.
However, the evidence, when viewed most favorably to the prosecution, does not allow the jury to conclude beyond a reasonable doubt that appellant possessed crack cocaine in violation of R.C. 2925.11. Garrison conceded on cross-examination that he only saw a black object thrown into the yard and that he did not see the baggie of crack cocaine in appellant's hand. Perkins only saw a gesture that appeared like throwing something away. Garrison's attention was focused on the individual out of safety concerns, and he did not see where the object landed. The black headband and the baggie were not found together on the ground, and neither photograph showing one contains the other. Thus, no evidence was presented linking appellant to the baggie of crack cocaine other than Garrison's speculation that the baggie was wrapped in the headband. Therefore, upon this evidence, the jury could not conclude beyond a reasonable doubt that appellant possessed crack cocaine in violation of R.C. 2925.11.
Given the state of this record, appellant's conviction for possession of crack cocaine was not supported by sufficient evidence. Therefore, as a matter of law, the conviction was also necessarily against the manifest weight of the evidence. Accordingly, his conviction must be vacated. Therefore, appellant's single assignment of error is sustained.
Based upon the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
TYACK, J., concurs.
PETREE, J., dissents.